# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS FRANCIS REBMAN AND**
**DANNY BRANDNER, INDIVIDUALLY**
**AND ON BEHALF OF ALL OTHERS**
**SIMILARLY SITUATED,**

          **Plaintiffs,**

**-vs-**                                          **Case No. 6:06-cv-1476-Orl-28KRS**

**FOLLET HIGHER EDUCATION GROUP,**
**INC., DAYTONA BEACH COMMUNITY**
**COLLEGE, INC.,**

          **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' UNOPPOSED MOTION FOR RECONSIDERATION REGARDING CONFIDENTIALITY ORDER (Doc. No. 38)** |
| **FILED:** | **March 6, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

The defendants ask that I reconsider my decision denying the parties' request for approval of an umbrella confidentiality order, contending that it is inconsistent with the opinion of the United States Court of Appeals in *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001). They argue that *Bridgestone/Firestone* is controlling because it was

decided later in time than *In re Alexander Grant & Co. Litigation*, 820 F.2d 352 (11th Cir. 1987), the case I relied upon. This argument is contrary to the law in this circuit, which holds that in the case of an intra-circuit divergence in holdings by different panels of judges, courts are to follow the earliest panel decision. *See Walker v. Mortham*, 158 F.3d 1177, 1188-89 (11th Cir. 1998). Accordingly, even if *Bridgestone/Firestone* requires a different decision, which I do not believe it does, the earliest panel decision on the issue is binding. Thus, my reliance on *In re Alexander Grant & Co. Litigation* was appropriate.

Furthermore, in my experience, umbrella protective orders that permit a party to designate any document as confidential and require the party opposing such designation to litigate the issue, rather than properly placing the burden on the party who made the designation to support that designation, often result in overdesignation of documents and impede the progress of the litigation. *See Lockheed Martin Corp. v. The Boeing Company*, 6:03-cv-796-Orl-28KRS, doc. no. 654 (M.D. Fla., Jan. 26, 2005)(copy attached). Finally, the proposed confidentiality order in this case seeks to circumvent Middle District of Florida Local Rule 1.09 by permitting documents to be filed with the Court under seal without following the procedures required by the local rule.

For all of these reasons, I decline to approve the parties' proposed Confidentiality Order.

**DONE** and **ORDERED** in Orlando, Florida on March 8, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties