# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

THOMAS FRANCIS REBMAN AND
DANNY BRANDNER, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

                    **Plaintiffs,**

-vs-                                                  Case No.  6:06-cv-1476-Orl-28KRS

FOLLETT HIGHER EDUCATION
GROUP, INC.,  DAYTONA BEACH
COMMUNITY COLLEGE, INC.,

                    **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:    MOTION TO COMPEL DEFENDANT TO
> RESPOND TO PLAINTIFFS' SECOND REQUEST FOR ADMISSION**
> (Doc. No. 121)
>
> **FILED:       May 7, 2008**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.  INTRODUCTION.

On September 26, 2006, Plaintiffs Thomas Rebman and Danny Brandner filed this putative

class action, invoking this Court's subject matter jurisdiction under the Class Action Fairness Act of

2005 ("CAFA"), *codified in part* 28 U.S.C. § 1332(d).  Plaintiffs sought class certification, but their

motion for class certification was denied without prejudice on February 21, 2008.  Doc. No. 110.

Plaintiffs' subsequent motion to dismiss for lack of subject matter jurisdiction, Doc. 113, was denied on April 22, 2008.  Doc. 117.  Plaintiffs now file the instant motion seeking an order compelling Defendant Follett Higher Education Group, Inc. ("Follett") to respond to two specific requests for admission.  Doc. 121.   Follett objects to the request in a response to Plaintiff's motion.  Doc. 122.

## II. APPLICABLE LAW.

Federal Rule of Civil Procedure 36(a)(1)(A) permits "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either." The rule is not designed to discover facts, *see e.g.*, *Ranger Ins. Co. v. Culberson*, 49 F.R.D. 181 (N.D. Ga.1969), but to obtain admission of facts as to which there is no real dispute and which the adverse party can admit without qualification.  *See Burns v. Phillips*, 50 F.R.D. 187 (N.D. Ga. 1970).  A party requesting admissions must make its requests without vagueness or ambiguity so that the responding party can answer with a simple admission or denial, or with a qualification or explanation for purposes of clarification.

In responding to requests for admission, a party may raise objections and may qualify its response beyond a simple admission or denial provided the response addresses the substance of the request.  Fed. R. Civ. P. 36(a)(4)-(5).

## III. ANALYSIS.

Plaintiffs request that Follett admit "that for the Florida FDUPTA subclass, as defined in Plaintiffs Thomas Rebman and Danny Brandner's Reply Brief in Further Support of Class Certification [106] and Plaintiffs' Motion for Class Certification [72], the matter in controversy

-2-

exceeds the sum or value of $5,000,000, exclusive of interest and costs," or admit the alternative statement that the amount in controversy does not exceed $5,000,000. Doc. No. 121 at 4.   At various points in their motion, Plaintiffs request "confirmation of [an] assumption," *id.* at 3, a "rough estimation," *id.* at 5, "generous estimates," *id.*, calculations and report generation, *id.* at 5-6, "rational deductions based on realistic estimates," *id.* at 7, and a "good-faith estimate." *Id.*  As such, Plaintiffs' requests for admissions call for speculation rather than seeking "facts, the application of law to fact, or opinions about either" as required by Fed. R. Civ. P. 36.

I previously denied Plaintiffs' request to conduct jurisdictional discovery, finding that responses to the pending requests for admissions would suffice [116].  Thereafter, the presiding district judge denied Plaintiffs' amended motion to dismiss for lack of subject matter jurisdiction, concluding that subject matter jurisdiction exists under CAFA even though the class certification motion was denied without prejudice [117].  Under these circumstances, discovery regarding the amount of damages may proceed in the normal course, without requiring Follett to guess at the amount of damages attributable to the pending FDUTPA claim.

**DONE** and **ORDERED** in Orlando, Florida on August 26, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE